[Cite as *State v. Payne*, 2021-Ohio-2464.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2020-12-079 |
| | : | O P I N I O N |
| - vs - | | 7/19/2021 |
| | : | |
| QAWI PAYNE, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 20CR36362


David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Timothy J. McKenna, for appellant.


**PIPER, P.J.**

{¶1}　Appellant, Qawi Payne, appeals his sentence in the Warren County Court of Common Pleas after pleading guilty to one count of possession of a deadly weapon while under detention.

{¶2}　While serving a sentence in the Lebanon Correctional Institution for committing felonious assault, Payne was in possession of a knife.　He was charged with a

single count of possessing a deadly weapon while under detention and pled guilty to that charge. Before sentencing occurred, Payne completed his sentence for the felonious assault charge and was released from prison.

{¶3} The trial court permitted Payne to remain under pretrial supervision, rather than await sentencing in jail. The trial court ordered Payne to avoid illegal substances and further advised Payne that his behavior during the presentencing phase would play a role in determining his sentence for the possession conviction.

{¶4} Despite the trial court's admonishment, Payne tested positive for drug usage multiple times and was also charged with a drug-related felony in a different county. The trial court sentenced Payne to nine months in prison on the possession of a deadly weapon conviction, and Payne now appeals that decision, raising the following assignment of error:

{¶5} THE RECORD DOES NOT SUPPORT THE TRIAL COURT'S FINDINGS AS TO SENTENCING.

{¶6} Payne argues in his sole assignment of error that the trial court's findings made during sentencing are not supported by the record.

{¶7} While Payne asserts that the trial court's findings are not supported by the record, the relevant sentencing standard does not require this court to review whether the trial court's findings pursuant to R.C. 2929.11 and 2929.12 are supported by the record.

{¶8} Instead, an appellate court reviews the imposed sentence according to R.C. 2953.08(G)(2), which governs all felony sentences. *State v. Jones*, Slip Opinion No. 2020-Ohio-6729. R.C. 2953.08(G)(2) provides that an appellate court can modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that the sentence is contrary to law or that the record does not support the trial court's findings under relevant statutes. However, the statutes pursuant to which this court must review a trial court's findings are limited and do not apply to Payne's sentence. As such, the only question that

remains for review is whether Payne's sentence is contrary to law.

{¶9} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8.

{¶10} After reviewing the record, Payne's sentence is not contrary to law. The trial court specifically noted in its sentencing entry and stated at the sentencing hearing that it had considered the overriding purposes and principles of felony sentencing according to R.C. 2929.11, and also had considered the seriousness and recidivism factors set forth in R.C. 2929.12. Furthermore, the trial court properly imposed postrelease control, and the nine-month sentence is within the permissible statutory range for a third-degree felony according to R.C. 2929.14(3)(B). Thus, the trial court's sentence was not contrary to law, and Payne's single assignment of error is overruled.

{¶11} Judgment affirmed.

S. POWELL and HENDRICKSON, JJ., concur.